F. KOTHMAN v. JOHN W. PREST, *as Sheriff of Leavenworth County*.

1. SHERIFF, *When not to be Amerced.* Where a special execution or order of sale of real estate is placed in the hands of a sheriff by the party interested in its enforcement, and upon the execution there is indorsed, by mistake of the clerk issuing the same, certain costs taxed by him in the case, but which are no lien upon the premises, and are not to be paid out of the same, or the proceeds thereof, and after the issuance of the special execution the court has not retaxed the costs embraced in the execution, or made any direction thereon, *held*, that the sheriff cannot be amerced at the instance of the party placing the execution in his hands, for neglecting or refusing on demand to pay over to him the costs collected under the writ from the sale of the real estate.

2. SHERIFF, *May be Amerced, When.* Where a special execution or order of sale of real estate commands the sheriff executing the same to pay all legal taxes thereon, and a purchaser of the real estate sold by him enters into an agreement with the creditor of the judgment debtor, before the confirmation of the sale, that he will take up and pay all tax titles and certificates, and in pursuance of such agreement the purchaser does buy the outstanding tax certificates on the land, and thereby redeems the same from taxes, *held*, that the sheriff has no authority after the confirmation of the sale to pay any part of said taxes; and if he does so, with full knowledge of all the foregoing facts, against the objections of the party interested in the enforcement of the execution, and against his offer to indemnify him, he may be amerced for neglecting and refusing upon demand to pay over the money so improperly paid out by him, together with damages and costs, under the provisions of § 472 of the code.

*Error from Leavenworth District Court.*

ON January 9, 1884, *F. Kothman,* one of the defendants in the action of E. H. Skaggs *v.* E. J. Myers, *et al.,* filed his

motion to amerce *John W. Prest*, as sheriff of Leavenworth county, in this state, of which the following is a copy, omitting court and title:

"Now comes the defendant, F. Kothman, and moves the court to amerce and order John W. Prest, as sheriff of Leavenworth county, Kansas, to pay to said F. Kothman, or his attorney of record, the following sums of money, viz.:

"1. The sum of $352.20, retained by the said sheriff out of the proceeds of the sale of the southeast quarter of section eighteen, township eight of range twenty-two, in Leavenworth county, Kansas, sold by said sheriff on execution in this action, and the sale of which land so made was by this court duly confirmed and approved. Said sheriff claims to withhold said $352.20 to pay the costs in this action prior to the proceeding of F. Kothman, in the supreme court on error, which costs are adjudged to be paid by E. H. Skaggs and Ewing M. Skaggs, which judgment for costs is in full force and unreversed.

"2. The sum of $312.69, retained by said sheriff out of the proceeds of the sale of said land to pay the amount claimed as taxes on said land for the years 1879, 1880, and 1881, which was sold to one F. A. Osborn, and a certificate of sale issued to said Osborn and by him assigned to Elise Bornhauser, the purchaser of said land at said sheriff's sale. The consideration of said assignment was less than the face value of said tax-sale certificates and the accrued interest thereon. After said sheriff's sale the sum of $312.69 was paid by said sheriff to the county treasurer of Leavenworth county, over the objection of said Kothman, and with the knowledge of said sheriff that the purchaser, Mrs. Bornhauser, had agreed to pay the taxes, and pay the bid of $3,225 for said land before the sale was confirmed. After the confirmation so procured, a motion was filed by said Bornhauser for an order of this court to direct said sheriff to pay to her said taxes on the land so sold to Osborn, which motion was overruled, after which said sheriff did pay said sum of $312.69 out of said proceeds to said county treasurer and took a redemption certificate thereon for the years 1879, 1880, and 1881, over the objection and protest of said Kothman, which sum of $312.69 was then paid by said county treasurer to Elise Bornhauser; all of which was with the knowledge of said sheriff of the agreement of said Bornhauser, and over the objection of said Kothman. Demands for the payment to said Kothman of said sums of

money have been made upon said sheriff, and payment by him refused.    Wherefore said F. Kothman asks that said sheriff be amerced, and required to pay said sums, amounting to $664.89, with interest at 7 per cent. from January 7th, 1884, and for the costs of this proceeding."

The motion was heard at the December Term, 1883, and on January 12, 1884.   After hearing the evidence and argument, the court took the matter under advisement, and at the April Term, 1884, in accordance with the request of the parties that the court find the facts specifically and state its conclusions of law thereon, made the following findings of fact:

"1. In 1874, F. Kothman obtained a judgment against J. J. Myers for about $10,700 and costs, and also an order to sell certain real estate which had been attached in that suit, and before a sale the said Myers died, which was in 1875.

"2. After the death of J. J. Myers, and in 1875, E. H. Skaggs commenced a suit to foreclose a mortgage on and sell the same lands which had been attached by Kothman in his suit against J. J. Myers, Skaggs claiming some $14,000 on a note of J. J. Myers to him, secured by the mortgage to be foreclosed.   The widow and children of J. J. Myers, Herman Markson, administrator of the estate of J. J. Myers, deceased, and F. Kothman, were made defendants in this said suit of E. H. Skaggs v. E. J. Myers, et al.   Some years after the commencement of this suit, some ten other persons were made parties defendant, and also Ewing M. Skaggs was made a party defendant, claiming to own the note and mortgage executed to his brother, E. H. Skaggs.

"3. On the 30th day of April, 1881, a judgment was rendered in this suit of Skaggs v. Myers et al., that the Skaggs mortgage was fraudulent and void; that the judgment of F. Kothman v. J. J. Myers was no lien on said lands, and that the defendants in this suit recover their costs of the plaintiff E. H. Skaggs, and the defendant Ewing M. Skaggs; and the clerk of this court then entered and taxed in the appearance docket in this case No. 6386 all the costs, amounting to $246.20, which had been adjudged to be paid by E. H. Skaggs and Ewing M. Skaggs.

"4. F. Kothman presented a writ of error in this case to the supreme court, where the judgment against him was reversed in 1882, and is reported in 29 Kas., p. 5; and on the mandate of the supreme court in this case on the 16th day of

December, 1882, a judgment for $17,286.50 was rendered in favor of F. Kothman against H. Markson, as administrator of the estate of J. J. Myers, deceased, and the said real estate was ordered to be sold to satisfy Kothman's judgment, which judgment in favor of Kothman appears in journal 22 of this court, at page 118, and is here referred to as part hereof. Said Markson, as administrator, presented a writ of error to the supreme court, where said last judgment was affirmed and is reported in 29 Kas., p. 718.

"5. On the 30th day of December, 1882, said F. Kothman filed his precipe for an execution and order of sale under said judgment of December 16, 1882, a copy of which is as follows, (court, title and indorsements omitted:) 'The clerk of the above-named court will please issue a special execution to sell the property ordered sold in the above-entitled cause, directed to the sheriff of Leavenworth county, Kansas, to execute according to law;' and upon which the clerk of this court issued an execution, which is numbered 4768, and is here referred to as part hereof.

"6. Said execution came to the hands of J. W. Prest, as sheriff of Leavenworth county, Kansas, and was by his deputy sheriff, D. J. Keller, executed; and among other lands sold, the southeast quarter of section eighteen, in township eight, of range twenty-two, was at this sheriff's sale bid off by Elise Bornhauser for the sum of $3,225, on the 10th day of February, 1883, and the bid was paid to said deputy sheriff. Costs to the amount of $367.35 were indorsed on said execution, and the sheriff ordered by said writ to pay said costs.

"7. Out of said purchase-money, said deputy paid to the county treasurer, on the 12th day of February, 1883, the sum of $162.10, which was the amount of all the taxes held and owned by the county of Leavenworth on said lands, and made his return as sheriff on said execution on the 28th day of February, 1883; said return is here referred to as part hereof.

"8. On the 10th day of April, 1883, said Elise Bornhauser, the bidder at said sale, purchased from F. A. Osborn, through Jacob Gayher, the tax titles and tax-sale certificates outstanding on said land for the sum of $1,550, which sum is less than the face of the taxes with penalties and interest by $67.28, which deduction was made by said Osborn because of supposed illegal and excessive taxes; and the tax-sale certificates on said land for the years 1879, 1880 and 1881 were assigned by said Osborn to said Elise Bornhauser.

"9. On the 12th day of May, 1883, said Elise Bornhauser

by her motion obtained an order confirming said sale to her, which order appears on journal 22, pp. 330 and 331, and is here referred to as part hereof.

"10. On the 19th day of May, 1883, the motion of said Elise Bornhauser for an order on said sheriff to pay the taxes for 1879, 1880 and 1881 on said land was heard and overruled by the court, as shown by journal 22, p. 371, and which is here referred to as part of this finding.

"11. On the 21st day of May, 1883, said sheriff, over the objection of said Kothman, by his attorney, and his offer to indemnify said sheriff, paid out of the purchase-money of the southeast quarter of section eighteen, range twenty-two, the sum of $312.69 to the treasurer of Leavenworth county for the taxes of 1879, 1880 and 1881 on said land, and took out redemption certificates therefor; and said sheriff then knew that the tax-sale certificates for those taxes belonged to said Elise Bornhauser. Soon after said sheriff had redeemed said tax-sale certificates, the county treasurer paid said redemption money to Elise Bornhauser, who before the confirmation of the sheriff's sale to her had sold said land to Wenderlind Hund for $5,500; and said Elise Bornhauser had agreed with the attorney for Kothman, before the confirmation of the sale to her, that she would pay off the outstanding tax titles and taxes, as well as her bid of $3,225, which $3,225 should be for the interest of the Myers estate alone; and said sheriff then knew of said agreement in regard to said bid.

"12. After said purchase-money was used by said sheriff to redeem said tax-sale certificates, and on the 2d day of June, 1883, said sheriff made an additional return on said writ, which is referred to as part hereof.

"13. On the 2d day of June, 1883, said sheriff procured an order of this court ratifying his acts in paying said tax-sale certificates, as appears in journal 22, p. 379, and which is referred to as a part of this finding.

"14. Of the proceeds of said southeast quarter said sheriff has paid to the attorney for Kothman the sum of $2,291.50; he has retained his costs on said execution, $91.55, and paid to the treasurer of Leavenworth county $162.10 for taxes held by said county, and has paid said $312.69 for redeeming said tax-sale certificates, and also retains the sum of $367.35, the costs indorsed on said execution. Of the said $367.35, the sum of $106 is the costs of the original judgment of Kothman *v.* J. J. Myers, and said sum of $106 was included in the judgment of Kothman for $17,286.50. Of said $367.35, the sum of

$246.20 is for the costs of this action incurred up to the 30th day of April, 1881, the time of the rendition of the judgment against E. H. Skaggs and E. M. Skaggs for costs; and that of said $367.35, the sum of $15.15 is for costs incurred subsequent to the rendition of said judgment against E. H. Skaggs and E. M. Skaggs.

"15. Since said sheriff has retained $367.35, said Kothman has demanded of said sheriff that he pay to said Kothman or his attorney said sum of $106, the costs in Kothman v. J. J. Myers, and the sum of $246.20, the amount of costs in this action up to and including the rendition of the judgment against E. H. Skaggs and E. M. Skaggs; and has also demanded of said sheriff said sum of $312.69, so paid by said sheriff for the redemption of said tax-sale certificates. Said sheriff has offered to pay the clerk the costs subsequent to April 30, 1881, but the clerk refused to receive the same unless the sheriff would pay him the entire sum of $367.35.

"16. Said Kothman, after the refusal of said sheriff Prest to pay him said sums of $312.69 and $352.20, filed his motion on January 9, 1884, to amerce said sheriff, and gave him notice as required by law, which motion to amerce is referred to as a part of this finding."

Thereon the court made the following conclusions of law:

"1. Said sheriff was not bound to follow the outside agreements of parties interested, but must obey the writ in his hands to be executed.

"2. The motion to amerce should be overruled at the costs of Kothman."

Judgment was then rendered overruling the motion, and that John W. Prest recover all costs from Kothman. Kothman filed his motion to vacate and set aside the findings and judgment of the court, and for a new trial. This was overruled. He excepted to the rulings and judgment of the court, and brings the case here.

*H. T. Green*, for plaintiff in error.

*H. W. Ide*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was a proceeding in the district court of Leavenworth county by F. Kothman, to amerce John W.

Prest, sheriff of said county, for refusing and neglecting to pay on demand to the plaintiff in error $664.89, collected by him, with other moneys, upon a special execution or order of sale in an action tried in Leavenworth county, wherein E. H. Skaggs was plaintiff, and E. J. Myers, Herman Markson as administrator of the estate of J. J. Myers, deceased, and F. Kothman and others, were defendants. The sheriff retained of the $664.89, the sum of $352.20 as costs, and paid out the remainder, $312.69, to redeem from taxes the lands sold by him under a special execution. It seems to be admitted that the sheriff properly retained the costs, excepting $246.20, which E. M. and E. H. Skaggs were adjudged to pay. The costs made by E. H. and E. M. Skaggs, in the action of E. H. Skaggs against E. J. Myers and others, were no lien upon the premises sold by the sheriff, and ought not to have been indorsed upon the special execution issued December 30, 1882; nor ought such costs to have been retained by the sheriff from the proceeds of the sale of the land. E. H. and E. M. Skaggs were totally defeated in the action of foreclosure, the mortgage under which they claimed being declared fraudulent. The real estate attached by Kothman was not liable in any respect for the costs made by the Skaggses in their attempt to enforce their void mortgage. Judgment was rendered against them for these identical costs, and that judgment has never been reversed or set aside. These costs stand against the Skaggses, and upon no principle that we can conceive of are the lands of the Myers estate, or their proceeds, liable therefor.

Notwithstanding all this, the sheriff ought not to be amerced for refusing or neglecting to pay over to the plaintiff the $246.20 retained as costs, for the reason that Kothman's attorney placed in his hands the execution upon which there were indorsed costs to the amount of $367.35. The said $246.20 is a part of the same. These costs were not coming or due to Kothman, and while it is true that the sheriff might, by the direction of Kothman or his attorney, be restrained or limited in the execution of the process placed in his hands to any act which

1. Sheriff, when not to be amerced.

was within his general authority under the execution, neither Kothman nor his attorney could, after the sale of the real estate mentioned in the execution and the confirmation thereof, arbitrarily direct him concerning the costs taxed by the clerk and indorsed upon the writ. Instead of attempting to amerce the sheriff for retaining the $246.20 as costs, Kothman should have had his writ corrected, or the costs retaxed by the court, or proceed by some other means to have the costs, for which E. H. and E. M. Skaggs are liable, separated from the other costs in the case.

The statute authorizing the amercement of a sheriff must be proceeded under with great strictness, and he who would avail himself of the remedy must bring himself both within the letter and spirit of the law. The remedy is summary, and its consequences highly penal. In the matter of these costs, the sheriff attempted to comply with the very terms of the process placed in his hands, and it would be grossly unjust to say that because he followed the directions of this process, issued by the court of which he is the officer, that he must pay to Kothman, who put such writ in his hands, the costs demanded, together with penalties. We cannot ascertain from the findings that prior to the sale of the land under the special execution, that either Kothman or his attorney gave any instructions to the sheriff concerning these costs, or made any request upon the sheriff that he should not collect the same. Indeed, we do not perceive from the record that the plaintiff gave any directions whatever to the sheriff outside of the terms of the writ, until he had executed the same so far as selling the land therein described.

As to the refusal of the sheriff to turn over to Kothman the sum of $312.69, alleged to have been paid out by him for the redemption of the land from the taxes for the years 1879, 1880 and 1881, we reach a different conclusion. The special execution of December 30, 1882, and the judgment upon which it was issued, commanded the sheriff to pay all the legal taxes due on the land before paying any of the proceeds of the sale to Kothman. The land was sold to Elise Born-

hauser on February 10, 1883, for $3,225; before the confirmation of the sale she had sold the land for $5,500, and agreed with Kothman to take up the outstanding tax titles and certificates. On May 9, 1883, her sale was confirmed and a sheriff's deed ordered to be executed to her. After making her bid upon the premises at the sheriff's sale, Mrs. Bornhauser purchased of one Osborn the outstanding tax titles and tax certificates for $1,500, and then made application to the district court for an order on the sheriff to pay the taxes on the land for 1879, 1880, and 1881. After the confirmation of her sale, and on May 19, 1883, her motion was overruled, yet subsequently the sheriff paid $312.69 to redeem the land from the said taxes for 1879, 1880, and 1881. At this time he knew of the agreement between Mrs. Bornhauser and Kothman, that she was to take up all the outstanding tax titles and certificates upon the premises, and also knew that the tax certificates had been purchased by and then belonged to her. The purchase of the tax certificates by Mrs. Bornhauser, under her agreement with Kothman, was a redemption of the land from the taxes embraced therein, and there were no legal taxes against the premises on May 21, 1883, to be paid by the sheriff. The very money which the sheriff paid to the county treasurer was delivered by the treasurer over to Mrs. Bornhauser, and the sheriff might as well have paid the money directly to her as to have made the payment in the circuitous manner he did. Again, the payment by the sheriff to take up the tax certificates of 1879, 1880, and 1881, held by Mrs. Bornhauser, was against the objection of Kothman and over his offer to imdemnify him; hence there was no reasonable excuse for his action. The writ in his hands did not justify him in paying these taxes, because the land had already been redeemed by Mrs. Bornhauser. Kothman, for whose benefit the execution was issued, protested against the payment of these taxes, and went so far as to offer to give bond to save the sheriff harmless. For some reason, unexplainable to us, the sheriff disregarded the instructions of Kothman, and, ignoring the agreement between Kothman and Mrs. Born-

hauser, improperly paid out $312.69 from the moneys received by him upon the execution. For this sum the sheriff should be amerced, with damages and costs. The order of the district court made June 2, 1883, ratifying the acts of the sheriff in redeeming the land from the tax-sale certificates owned by Mrs. Bornhauser, is no protection to him, for it was made without notice to Kothman, the party interested, and was also made after the confirmation of the sheriff's sale, and after the district court had overruled the motion of Mrs. Bornhauser directing the sheriff to pay these taxes. After the confirmation of the sale and the direction to the sheriff for the execution of a deed to Mrs. Bornhauser, the matters affecting the sale of the land were closed, and unless reopened or set aside upon motion with notice, could not again come up in the court for consideration, or in any way affect the rights of Kothman. It is urged that the agreement between Kothman and Mrs. Bornhauser was without consideration, but this agreement was made before the confirmation of the sale, and Kothman might have interposed objections to the confirmation, but for the agreement with Mrs. Bornhauser. After Mrs. Bornhauser took up the tax certificates for 1879, 1880, and 1881, and thereby redeemed the land from all taxes due thereon, the public had no interest in having the sheriff or any other person return to her any part of the money paid. In law, the taxes had all been satisfied.

*2. Sheriff may be amerced, when.*

Finally, as another reason for denying the motion of Kothman to amerce the sheriff, it is urged that as the written demand was for the gross sum of $664.89, the notice to the sheriff was not in accordance with the statute. We do not think that a notice and motion under the provisions of § 472 of the code is insufficient simply because the amount therein named is overstated. Of course upon hearing, the sheriff is to be amerced only for the exact sum which is due the party instituting the proceedings, but the motion filed in this case specifically sets forth that Kothman claims $312.69, " retained by the sheriff out of the proceeds of the sale of the lands."

Therefore, as to this sum, the sheriff had actual notice of the exact amount demanded.

The judgment of the district court will be reversed, and the cause remanded with directions to the court below to amerce Prest, as sheriff, in the amount of $312.69 and costs, with ten per cent. thereon to and for the use of Kothman.

All the Justices concurring.